IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CODY STOOTS, individually and on behalf of all others similarly situated, § § § | |
| *Plaintiff,* § § | |
| v. § | C.A. No. 4:25-CV-01923 |
| § § | |
| CRUST BROS, LLC, § § | |
| *Defendant.* § | |

## DEFENDANT'S ANSWER TO FIRST AMENDED CLASS-ACTION COMPLAINT

Defendant, Crust Bros, LLC ("Crust Pizza") files this answer to the First Amended Class-Action Complaint (the "Complaint") (Dkt. 10), which has been filed by Plaintiff Cody Stoots ("Stoots"), and states:

## NATURE OF THE CASE

1. Defendant admits that Plaintiff purports to bring this action as a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. (the "TCPA"), and that the Complaint contains allegations related thereto. Defendant denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint. Defendant's business practice is to send promotional text messages only to individuals who have provided express consent to receive such communications, and its system is designed to, and does, honor all opt-out requests.

3. Defendant denies the allegations and denies that its conduct has caused any harm, invasion of privacy, harassment, aggravation, or disruption to the daily life of Plaintiff or any other individual.

## JURISDICTION AND VENUE

4. Defendant admits that Plaintiff purports to invoke this Court's federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as the action purportedly arises under the TCPA. Defendant denies the remaining allegations and conclusions of law contained in Paragraph 4 of the Complaint.

5. Defendant admits that Plaintiff alleges the Court has personal jurisdiction over Defendant and that venue is proper in this District based on Defendant's purported business activities. Defendant otherwise denies the allegations contained in Paragraph 5 of the Complaint, including any assertion that Defendant's marketing scheme was unauthorized or improperly directed to consumers in this District like Plaintiff.

## PARTIES

6. Defendant admits that Plaintiff alleges he is a natural person and resident of Harris County, Texas. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of the Complaint, and therefore denies them. Defendant denies that Plaintiff is a "called party" under the TCPA who received unlawful or unsolicited communications.

7. Denied. Defendant is a Texas limited liability company with a principal office located in The Woodlands, Texas.

## FACTS

8. In response to Paragraph 8, Defendant admits that a system associated with Crust Pizza Co. sent text messages to a telephone number associated with the Plaintiff. Defendant denies that these messages were sent in violation of any law or after a valid opt-out request had been made that remained in effect at the time of the message. Defendant denies all remaining allegations in this paragraph as they constitute legal conclusions.

**DEFENDANT'S ANSWER TO FIRST AMENDED CLASS-ACTION COMPLAINT – Page 2**

9.	In response to Paragraph 9, Defendant admits that a "stop" message was received from Plaintiff's number on May 9, 2023, and that messages were subsequently sent on the dates identified in this paragraph. However, Defendant specifically and affirmatively states that no messages were sent to Plaintiff's number during the 18-month period between the May 9, 2023, opt-out and the text message sent on December 31, 2024. Defendant further states that the messages sent beginning on December 31, 2024, were initiated only after Plaintiff affirmatively provided renewed consent to receive such communications by resubscribing on December 30, 2024. Accordingly, Defendant denies that it "continued to send him text messages" after a valid opt-out had not been honored.

10.	In response to Paragraph 10, Defendant admits that the purpose of the messages was to solicit the sale of consumer goods and/or services.

11.	In response to Paragraph 11, Defendant admits that the purpose of the messages was to advertise, promote, and/or market Defendant's property, goods, and/or services.

12.	In response to Paragraph 12, Defendant denies the allegations and denies that it chose not to immediately opt Plaintiff out. Defendant's system properly and effectively processed Plaintiff's opt-out request on May 9, 2023, and a new subscription was required to receive further messages, which Plaintiff voluntarily provided.

13.	In response to Paragraph 13, Defendant denies the allegations. Defendant's system honors and records consumer requests to opt-out of text message solicitations.

14.	Defendant denies the allegations in paragraph 14.

15.	Defendant denies the allegations in paragraph 15.

16.	Defendant denies the allegations in paragraph 16.

17.	In response to Paragraph 17, Defendant denies the allegations and affirmatively

states that it maintains required procedures for handling and processing opt-out requests. Plaintiff's opt-out request was honored and processed, and a new instance of consent was required to resume communications.

18. In response to Paragraph 18, Defendant admits, upon information and belief, that Plaintiff is the regular user of the 2058 Number.

19. In response to Paragraph 19, Defendant admits the telephone number is associated with the Plaintiff, but is without knowledge or information sufficient to form a belief as to the remaining allegations and therefore denies them.

20. In response to Paragraph 20, Defendant admits that it has access to certain outbound transmission reports and text message logs, subject to the complexities and limitations of data retention and access.

21. Defendant specifically denies the allegations contained in Paragraph 21 of the Complaint as they relate to Crust Bros, LLC and the allegations of this Complaint.

22. Defendant specifically denies that any actions or inactions by Crust Bros, LLC caused Plaintiff and the class members harm as alleged. Defendant denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint, and therefore denies them.

24. In response to Paragraph 24, Defendant admits the allegations.

25. In response to Paragraph 25, Defendant denies the allegations and affirmatively states that Plaintiff provided a new instance of consent to receive text messages after his initial opt-out request was honored.

26. In response to Paragraph 26, Defendant admits that any prior consent was expressly

revoked when Plaintiff responded with a "Stop" text on May 9, 2023. However, Defendant affirmatively states that this revocation was honored, and a new and distinct instance of consent was provided by Plaintiff on December 30, 2024, which authorized subsequent communications.

27. In response to Paragraph 27, Defendant admits that any established business relationship for text messaging was terminated when Plaintiff responded with a "Stop" text on May 9, 2023. However, Defendant affirmatively states that a new business relationship was established when Plaintiff voluntarily and affirmatively resubscribed to the messaging campaign on December 30, 2024.

28. In response to Paragraph 28, Defendant denies the allegations and denies that Plaintiff or any Class Members have suffered any harm, including statutory damages, inconvenience, invasion of privacy, aggravation, annoyance, or violation of their statutory privacy rights.

## CLASS ALLEGATIONS

## PROPOSED CLASS

29. Defendant states that an affirmative response is not required as the allegations contained in Paragraph 29 of the Complaint merely purport to state the legal basis of Plaintiff's claims. To the extent the allegations in this paragraph are intended to include factual allegations, Defendant denies those allegations.

30. Defendant states that an affirmative response is not required as the allegations contained in Paragraph 30 of the Complaint merely purport to state the legal basis of Plaintiff's claims. To the extent the allegations in this paragraph are intended to include factual allegations, Defendant denies those allegations and denies that the proposed classes are proper or certifiable.

31. Defendant states that Paragraph 31 contains a statement of Plaintiff's reservation

of rights, to which no response is required. To the extent any allegations are implicitly contained therein, Defendant denies them.

32. Defendant states that the first sentence of Paragraph 32 identifies excluded parties to which no response is required. Defendant denies the remaining allegations contained in Paragraph 32 of the Complaint, including any assertion that Class members number is numerous, and denies that joinder of all members is impracticable.

## NUMEROSITY

33. Defendant specifically denies that Crust Bros, LLC has placed automated calls or text messages to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. Defendant denies the remaining allegations contained in Paragraph 33 of the Complaint, including that the purported Class is so numerous as to render joinder impracticable.

34. An affirmative response is not required as the allegations contained in Paragraph 34 of the Complaint merely purport to state the legal basis of Plaintiff's claims. To the extent the allegations in this paragraph are intended to include factual allegations, Defendant denies those allegations.

## COMMON QUESTIONS OF LAW AND FACT

35. In response to Paragraph 35, Defendant denies the allegations and denies that there are questions of law or fact common to the members of the purported classes that predominate over questions affecting only individual members.

36. Defendant states that an affirmative response is not required as the allegations contained in Paragraph 36 of the Complaint merely purport to state the legal basis of Plaintiff's claims. To the extent the allegations in this paragraph are intended to include factual allegations, Defendant denies those allegations.

**DEFENDANT'S ANSWER TO FIRST AMENDED CLASS-ACTION COMPLAINT – Page 6**

## TYPICALITY

37. In response to Paragraph 37, Defendant denies the allegations and denies that Plaintiff's claims are typical of the claims of the Class Members. Plaintiff's claims are subject to unique, individualized defenses.

## PROTECTING THE INTERESTS OF THE CLASS MEMBERS

38. In response to Paragraph 38, Defendant denies the allegations and denies that Plaintiff is an adequate representative who will fairly and adequately protect the interests of the Class.

## PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE

39. Defendant states that an affirmative response is not required as the allegations contained in Paragraph 39 of the Complaint merely purport to state the legal basis of Plaintiff's claims. To the extent the allegations in this paragraph are intended to include factual allegations, Defendant denies those allegations.

40. Defendant states that an affirmative response is not required as the allegations contained in Paragraph 40 of the Complaint merely purport to state the legal basis of Plaintiff's claims. To the extent the allegations in this paragraph are intended to include factual allegations, Defendant denies those allegations.

**Count I**
**VIOLATION OF 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(d)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

41. Defendant incorporates by reference its responses to Paragraphs 1 through 40 as if fully set forth herein.

42. Defendant admits that Paragraph 42 quotes portions of 47 C.F.R. § 64.1200(d). Defendant denies the remaining allegations, including any assertion that such regulations apply to or were violated by Crust Bros, LLC in any manner alleged.

**DEFENDANT'S ANSWER TO FIRST AMENDED CLASS-ACTION COMPLAINT – Page 7**

43. Defendant admits that Paragraph 43 quotes portions of 47 C.F.R. § 64.1200(e). Defendant denies the remaining allegations, including any assertion that such regulations apply to or were violated by Crust Bros, LLC in any manner alleged.

44. In response to Paragraph 44, Defendant admits that a request to stop receiving text messages was received from Plaintiff on May 9, 2023, but denies that Plaintiff and the purported Class Members made requests that were ignored or that otherwise give rise to a TCPA violation.

45. Denies the allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Denies the allegations in paragraph 47.

48. Denies the allegations in paragraph 48.

49. Denies the allegations in paragraph 49.

50. Denies the allegations in paragraph 50.

51. Denies the allegations in paragraph 51.

52. Denies the allegations in paragraph 52.

53. Denies the allegations in paragraph 53.

**Count II**
**Violations of 47 U.S.C.§ 227(c) and 64.1200(c)**
**(On Behalf of Plaintiff and the DNC Class)**

54. Defendant incorporates by reference its responses to Paragraphs 1 through 53 as if fully set forth herein.

55. Defendant admits that Paragraph 55 quotes portions of 47 C.F.R. § 64.1200(c). Defendant denies the remaining allegations, including any assertion that such regulations apply to or were violated by Crust Bros, LLC in any manner alleged.

56. Defendant admits that Paragraph 56 quotes portions of 47 C.F.R. § 64.1200(e).

Defendant denies the remaining allegations, including any assertion that such regulations apply to or were violated by Crust Bros, LLC in any manner alleged.

57. Defendant admits that Paragraph 57 quotes portions of 47 U.S.C. § 227(c). Defendant denies the remaining allegations, including any assertion that such regulations apply to or were violated by Crust Bros, LLC in any manner alleged.

58. Defendant specifically denies that Crust Bros, LLC violated 47 C.F.R. § 64.1200(c) as alleged.

59. Defendant specifically denies that Crust Bros, LLC violated 47 U.S.C. § 227(c)(5) as alleged.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies all allegations not specifically admitted.

## AFFIRMATIVE DEFENSES

62. The Complaint fails to state a claim upon which relief can be granted.

63. Plaintiff's claims are barred by the doctrine of prior express consent.

64. Any messages sent by a system associated with Defendant were sent with the prior express consent of the Plaintiff, thereby providing a complete defense to all of Plaintiff's claims.

65. Plaintiff's claims are barred by his own conduct, including his voluntary and affirmative re-subscription to the SMS messaging campaign on December 30, 2024.

66. Plaintiff's claims for damages are not recoverable under the TCPA because Plaintiff did not suffer any actual damages and is not entitled to statutory damages.

67. Defendant did not act willfully or knowingly in any alleged violation, and therefore Plaintiff is not entitled to treble damages.

68. The action cannot be maintained as a class action because the proposed classes fail

to meet the requirements of Federal Rule of Civil Procedure 23, including numerosity, commonality, typicality, and superiority.

69. Plaintiff is an inadequate and atypical representative for the proposed classes because his claims are subject to unique, individualized defenses.

## PRAYER FOR RELIEF

70. WHEREFORE, Defendant respectfully prays for the following relief:

a. That Plaintiff's First Amended Class Action Complaint be dismissed with prejudice in its entirety;

b. That Defendant be awarded its costs, including reasonable attorneys' fees; and

c. That Defendant be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Amber D. Reece, w/permission*
    Andrew C. Whitaker
    *Attorney-In-Charge*
    Texas Bar No. 21273600
    Fed. I.D. No. 14309
    andrew.whitaker@figdav.com

*Of Counsel:*
Amber D. Reece
Texas Bar No. 24079892
Fed. I.D. No. 2695252
amber.reece@figdav.com
**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (telecopy)

**ATTORNEYS FOR DEFENDANT CRUST BROS, LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 8, 2025, a true and correct copy of the above and foregoing document has been served electronically using the CM/ECF system, which will subsequently send copies to all counsel of record who are registered to accept electronic service in this matter.

                                          */s/ Amber D. Reece*
                                          Amber D. Reece